**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

IN RE:

    **DOUBLE EAGLE ENERGY SERVICES, LLC**      **CASE NO. 17-80717**

    **DEBTOR**      **CHAPTER 11**

**SUPPLEMENTAL SCHEDULE**

1.

Does any debtor have any affiliates as defined by 11 U.S.C. § 101(2)? Affiliate is defined as:

    A)      Entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities--

         1)      in a fiduciary or agency capacity without sole discretionary power to vote such securities; or

         2)      solely to secure a debt, if such entity has not in fact exercised such power to vote;

    B)      Corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities--

         1)      in a fiduciary or agency capacity without sole discretionary power to vote such securities; or

         2)      solely to secure a debt, if such entity has not in fact exercised such power to vote;

    C)      Person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; or

    D)      Entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.

If any debtor in this case has any affiliates as defined by 11 U.S.C. § 101(2), list the affiliate(s) and explain the relationship between debtor and the affiliate(s). If no debtor has any such affiliates, do not answer the remainder of this Schedule.

**ANSWER TO NUMBER 1:**

*Bobby Ratcliff, Sr. and Bobby Ratcliff, Jr.*

2.

Has any affiliate ever filed for bankruptcy? If yes, list the affiliate(s) and the date and court for each bankruptcy petition and the chapter under which the petition was filed. If any affiliate files after this schedule is filed, debtor's counsel must amend this schedule and notice all creditors and the judge assigned to the case.

**ANSWER TO NUMBER 2:**

*No.*

3.

Has any affiliate guaranteed any debt of debtor(s) or has the debtor guaranteed any debt of any affiliate? If yes, list the name of the affiliate, the amount of the guarantee, the date of the guarantee, the name of the guarantor, the name of the debtor, and whether any security interest was given by debtor or the affiliate to secure the guarantee. Give this information for every guarantee outstanding at the time of the debtor's Chapter 11 petition, and every guarantee outstanding within 18 months before the petition was filed.

**ANSWER TO NUMBER 3:**

    *A.    Gibsland Bank and Trust loans and other Debts*

.

    *2.    Guarantors:*
        *a.    Bobby Ratcliff, Sr.*
        *b.    Bobby Ratcliff, Jr.*

4.

Has any affiliate extended credit, received credit, or otherwise established a debtor-creditor relationship with debtors(s)? If yes, list the name of the affiliate, the amount of the loan, the date the loan was made, the repayments made on the loan, and the type of security interest, if any, involved in the loan. Give this information for all loans that have been made and fully paid off within 18 months preceding this Chapter 11 filing and for all loans outstanding at the time of the filing.

**ANSWER TO NUMBER 4:**

*Yes. As listed in the schedules; personal credit cards used for business expenses that were not reimbursed.*

5.

Has any debtor in this case granted any security interest in any property to secure any debts of any affiliate other than as provided in Questions 3 and 4? Has any affiliate granted any security interest in any property to secure any debts of any debtor other than as provided in Questions 3 and 4? If yes, list the affiliate, the debtor, the collateral, the date and nature of the security interest, the creditor to whom it was granted, and the current balance of the underlying debt.

**ANSWER TO NUMBER 5:**

*Yes. Real properties have been mortgaged to Gibsland Bank and Trust to secure company loans.*

6.

Has any affiliate engaged in any other transaction with any debtor in this case during the past 18 months? If yes, briefly describe the transaction(s).

**ANSWER TO NUMBER 6:**

*Yes. Both Ratcliffs have been employed by the Debtors.*

7.

List the name and address of any affiliate who potentially is a "responsible party" for unpaid taxes of any debtor in this case. State the estimated amount of such taxes owed at the time of the Chapter 11 filing.

**ANSWER TO NUMBER 7:**

*Both Ratcliffs may potentially be responsible for unpaid payroll taxes.*

8.

Identify any affiliates employed by the debtor and describe the function or role they perform. Identify any relative or partner or equity security holder employed by the debtor and describe the function or role performed and the amount of compensation received.

**ANSWER TO NUMBER 8:**

*Both Ratcliffs are employed by the Debtor.*

9.

List all circumstances under which proposed counsel or proposed counsel's law firm has represented an affiliate during the past 18 months. List any position other than legal counsel which proposed counsel holds in either the debtor or affiliate including corporate officer, director, or employee. List any amount owed by the debtor or the affiliate to proposed counsel or counsel's law firm at the time of filing, and also amounts paid within 18 months before filing.

**ANSWER TO NUMBER 9:**

*Proposed counsel has represented the Debtors in preparation for the filing of this case, and received $25,000.00 retainer prior to filing, which was deposited in counsel's trust account.*

*Immediately prior to filing, proposed counsel disbursed $6, 039.00 to Gold, Weems, Bruser, Sues & Rundell for fees and expenses incurred prior to filing and disbursed $1,717.00 in filing fees to the Clerk of the Bankruptcy Court, with a remaining balance of $17,244.00 still in counsel's trust account.*

Alexandria, Louisiana, this 17th day of July, 2017.

Respectfully submitted:

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By:     **/s/Bradley L. Drell**
Bradley L. Drell (Bar Roll #24387)
Heather M. Mathews (Bar Roll # 29967)
B. Gene Taylor, III (Bar Roll #33407)
P. O. Box 6118
Alexandria, LA 71307-6118
Telephone: (318) 445-6471
Facsimile: (318) 445-6476
e-mail: bdrell@goldweems.com

**ATTORNEYS FOR DEBTOR IN POSSESSION**

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

IN RE:

| | |
|---|---|
| DOUBLE EAGLE ENERGY SERVICES, LLC | CASE NO. 17-80717 |
| DEBTOR | CHAPTER 11 |

## CERTIFICATE OF SERVICE

This is to certify that the Supplemental Schedule was served on the Office of the United States Trustee, 300 Fannin Street, 3196 Federal Building, Shreveport, Louisiana 71101, by placing a copy of same in the United States Mail, postage prepaid.

Alexandria, Louisiana, this 17th day of July, 2017.

                            /s/Bradley L. Drell
                                    OF COUNSEL