# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

IN RE: DOUBLE EAGLE ENERGY SERVICES, LLC     17-80717
       Debtor(s)                                                                   Chapter 11

## OBJECTION TO DEBTOR'S MOTION FOR ORDERS (I) TO OBTAIN POST-PETITION SECURED FINANCING, (II) GRANTING PRIMING LIENS AND SUPER-PRIORITY CLAIMS TO POST-PETITION LENDER (DKT.#24) AND RESERVATION OF RIGHTS

NOW INTO COURT, through undersigned counsel, comes GIBSLAND BANK & TRUST ("GBT") who respectfully shows that:

1.

Debtor filed for relief under Chapter 11 of the Bankruptcy Code on July 17, 2017.

2.

Debtor has filed a motion for orders to obtain post-petition financing ($60,000 with a $3,000 origination fee to the lender) and to subordinate GBT's secured position to the post-petition lender.

3.

GBT is Debtor's main creditor and objects to the relief requested.

4.

As of the petition date, Debtor owed GBT approximately **$10,877,666.45**. See Exhibits A-I.

5.

The debt to GBT is secured by liens on virtually all (if not all) of Debtor's pre-petition assets, including accounts (as defined by the UCC), bank accounts, inventory, equipment, vehicles and the main asset, the facility (appraised at $5.9 million). Besides the facility, the main estate assets are contested and uncollected accounts receivable of at least $3.5 million (about $3.42 million owed by a single account debtor, Mark West), which are GBT's collateral. The Mark West account is disputed and subject to alleged defenses. Debtor will have to file suit in either Colorado or Ohio to recover from Mark West, and the Atlanta law firm (which Debtor had been in contact with pre-petition) estimates the costs of fees alone to be about $400,000, which of course Debtor does not have. The Mark West recovery at this point is only hypothetical. Debtor is also embroiled

in pre-petition litigation with AIIC in which Debtor seeks to recover workers compensation overpayments; however, AIIC has not only contested Debtor's allegations, it has counter-claimed for additional monies. In short, it appears that GBT is significantly **under**-secured.

6.

A goodly portion of the total debt to GBT is guaranteed by either the SBA and USDA, whose concurrence is required for any subordination. It behooves no one to jeopardize those guarantees.

7.

Debtor's motion makes no projections or disclosures as to the putative benefits to the estate that will accrue as a result of the requested funding. No pending job or project is disclosed in the motion, nor any projected net gain or benefit (interim and final) from the requested funding that will create net post-petition accounts receivables.

8.

Debtor's motion fails to disclose sufficient information to justify the requested relief. What is the source of the $3,000 origination fee payment? The motion does not disclose, on payroll, taxes and benefits, who is owed and in what amounts. Is the requested amount sufficient to fund the job or project? If not, how much more will be needed? What is the job to be funded, work to date, percentage completed, and final expected completion date? When can payment be expected? Are there any disputes with or complaints by the other party? Is debtor current on its work on the contract? Are there other expenses connected with the job? What are the expected net realized benefits to the estate? And at what total cost?

9.

Debtor's motion makes no showing that its request will maintain the viability of the company as a going concern.

10.

The full burden on the request falls on GBT and acts to its prejudice.

11.

Debtor's motion makes no provision for providing adequate protection to GBT's interests. See 111 USC 364(d)(1):

> The court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt secured by a senior or equal lien on property of the estate that is subject to a lien only if--
>
> (A) the trustee is unable to obtain such credit otherwise; and
>
> (B) there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted.

There is no established equity in estate collateral to provide GBT any equity cushion.

12.

Attached as Exhibit J is a document just provided by Debtor titled "Projected Double Eagle cash flow for EPCO-ETG 24th Phase 2 Project." According to this document, the projected net profit is $368,906.00, ASSUMING it is funded estimated costs of $510,030.00. This document discloses 2 major points: **(1) Debtor will need a number of post-petition advances in significant dollar amounts to finish the project. A single $60,000 advance will not complete the project and of itself is useless. (2)** The projected net recovery of $368,906, assuming *Debtor is financed by sufficient cash infusions by post-petition borrowing which the motion does not even address*, would be sufficient to pay the advances made by a post-petition lender. Thus – assuming funding of about half a million dollars -- **there is no need to subordinate GBT's pre-petition liens to the post-petition lender.** Yet unless there is funding of about half a million dollars, the requested funding advance is of no value to the estate and detrimental to GBT.

13.

**The relief as requested in Debtor's motion is both futile to a reorganization effort and prejudicial to GBT's interests. These conclusions are particularly true without binding commitments from a post-petition lender to make significant and subsequent advances in order to complete the job. And the only party bearing the risk is GBT, an under-secured creditor who is not being afforded any adequate protection of its interests sought to be subordinated. And any subsequent advances by a post-petition lender – neither disclosed nor contemplated by the motion itself – will only further diminish GBT's position without adequate protection.**

14.

GBT reserves the right to make further objections at the hearing(s) on this motion.

WHEREFORE, GBT objects to the granting of the Debtor's motion seeking the single requested post-petition financing and granting priming security liens in favor of the post-petition lender to the prejudice of GBT, and for other full, general and equitable relief appropriate in the premises.

Dated: August 1, 2017

Respectfully submitted,
ROGERS, CARTER & PAYNE, LLC
By:/s/ E. Keith Carter
E. Keith Carter, La. Bar No. 16,847
4415 Thornhill, Second Floor, Suite A
Shreveport, Louisiana 71106
318/861-1111
Fax: 318/868-2323
**ekcarter@rogerscarterlaw.com**
ATTORNEYS FOR GIBSLAND BANK & TRUST

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

IN RE: DOUBLE EAGLE ENERGY SERVICES, LLC     17-80717
       Debtor(s)                                         Chapter 11

## CERTIFICATE

        I HEREBY CERTIFY that true and correct copies of the above and foregoing has been served on **(1) Bradley L. Drell POB 6118 Alexandria, LA 71307-6118 Email:** bdrell@goldweems.com; **(2)** U.S. Trustee Office of U. S. Trustee 300 Fannin St., Suite 3196 Shreveport, LA 71101, either via email, Pacer, or the clerk's noticing system, and on **(3) Double Eagle Energy Services, LLC 3600 Jackson Street Suite 126D Alexandria, LA 71303 , by placing same in the United States mail, properly addressed, with sufficient postage affixed, this** _____ **day of August, 2017.**

/s/ _____
Name: Dollie Ogldree