UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

IN RE:
    DOUBLE EAGLE ENERGY SERVICES, LLC      CASE NO. 17-80717

    DEBTOR      CHAPTER 11

_____

**MOTION FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING DEBTOR TO ENTER INTO POST-PETITION SECURED FACTORING AGREEMENT, (II) GRANTING LIENS TO POST-PETITION LENDER, AND (III) APPROVING NOTICE PROCEDURE**

NOW INTO COURT, through the undersigned counsel, comes DOUBLE EAGLE ENERGY SERVICES, LLC ("DEES" or "Debtor"), the debtor-in-possession herein, which files this Motion for Interim and Final Orders (I) Authorizing Debtor to Enter Into Post-Petition Secured Factoring Agreement, (II) Granting Liens to Post-Petition Lender, and (III) Approving Notice Procedure ("Motion"). In support of this Motion DEES respectfully represents:

**Preliminary Matters**

1.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (K), (M), and (O). Venue is proper herein pursuant to 28 U.S.C. §§ 1408 and 1409.

2.

On July 17, 2017 (the "Petition Date"), DEES filed a voluntary petition for relief (the "Petition") under Chapter 11 of Title 11 of the United States Bankruptcy Code ("Bankruptcy Code"). No committee has been appointed in this chapter 11 case (the "Case"), and no trustee or examiner

Page 1

has been requested or appointed. DEES continues to manage and operate its business as debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

**Introduction**

3.

DEES' estate will suffer immediate and irreparable harm if DEES does not obtain immediate access to the proposed Debtor-in-Possession financing from the proposed lender, Gulf Coast Business Credit ("GCBC"). DEES does not have unencumbered cash and needs liquidity to operate its business and pay operating expenses such as utilities, insurance, and obligations to employees, vendors, service providers and professionals. As DEES' sole source of revenue, it is essential that the business remain open and operating. Even in the event of unsuccessful reorganization and a sale of substantially of all DEES' assets were to occur, a going concern value would greatly exceed any value obtained from the liquidation of a shuttered facility. Accordingly, the business must continue to be insured and properly maintained, and DEES must continue to have unimpeded access to the goods, services and labor necessary for day-to-day operations. Absent the relief sought in this Motion, a shutdown of the business is inevitable.

4.

GCBC is willing to loan DEES up to $1,000,000 in debtor-in-possession financing in the form of a factoring agreement. [A copy of the GCBC term sheet is attached and incorporated herein as Exhibit "A"]. The loan would carry the commitment of an advance rate equivalent to 80% of DEES' eligible accounts receivable, defined as those accounts under 90 days from the date of invoice representing products or services accepted by any particular customer. [Exhibit "A"]. The loan would include a Fixed Discount Fee calculated upon collection of individual accounts and based on days from the advance to collection, as follows: (1) Fixed Discount Fee of 1.25% calculated on the

Gross Invoice Amount for the first 30 days from the funding date; and (2) an additional Discount Fee of 0.625% for each additional 15 day period thereafter through collected funds. [Exhibit "A"]. The loan would further include an underwriting fee of $2,500, and would be secured by a first lien on post-petition accounts receivable and a second lien on all other assets of DEES. DEES believes it would be futile, under the circumstances, to pursue alternative post-petition financing in the form of: unsecured credit allowable under §§ 364(a) and 364(b) of the Bankruptcy Code and unsecured credit pursuant to § 364(c) of the Bankruptcy Code, on more favorable terms and conditions from sources other than WCB. Since filing, the Debtor's management has pursued possible financing with numerous lenders, and the proposal from GCBC is the most favorable to the Debtor's estate. Accordingly, DEES is requesting authority to obtain post-petition financing from GCBC to fund DEES' continued operations in chapter 11 on the terms set out above.

**Capital Structure**

5.

DEES currently has unsecured debt in the amount of $2,634,101.18, and secured debt in the amount of $10,551,291.30, for total liabilities in the amount of $13,185,392.50. The aggregate of personal and real property of DEES is $12,410,584.24.

**Cash Flow Needs**

6.

DEES is in need of financing to maintain its operations, including payment of expenses such as utilities, insurance, and obligations to employees, vendors, service providers and professionals.

**Basis for Relief**

7.

DEES brings this Motion on an expedited basis to avoid the immediate and irreparable harm that will be suffered by its estate if DEES does not obtain the liquidity needed to, among other things, sustain its business as a going concern. DEES needs immediate access to the proposed interim financing, and the terms of the factoring agreement with GCBC will expire on August 9, 2017.

8.

Bankruptcy Rule 4001(c) provides, among other things, that the court may conduct a preliminary hearing to authorize the obtaining of credits as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing. DEES requests an expedited hearing as soon as practicable and prior to the August 9th expiration of the factoring agreement offer.

9.

DEES has determined that it would not be able to obtain alternative financing on terms superior to the terms of the DIP loan and such terms are market terms that represent the best terms reasonably available to DEES. Indeed, DEES believes that it would not be able to obtain financing from any one on any terms, at least on such short notice as is required here.

**Proposed DIP Financing**

10.

DEES is proposing to enter into the factoring agreement with GCBC pursuant to which DEES would be authorized to borrow up to a total of up to $1,000,000, and an advance rate of up to 80% of the Eligible Accounts Receivable. This proposed borrowing capacity would be subject

to the loan documents, the Interim Order, and, as applicable, a Final Order, all to be secured by a first lien on post-petition accounts receivable and a second lien on all assets of DEES' estate.

**Relief Requested**

11.

By this Motion, DEES seeks an entry of an interim order ("Interim Order") substantially in the form of Exhibit "B" hereto, and, after notice and a final hearing, a final order ("Final Order") (together with the Interim Order, collectively, the "DIP Orders"), otherwise acceptable to WCB:

A. Authorizing DEES to obtain Debtor-in-Possession through the proposed factoring agreement with financing up to an aggregate principal amount of $500,000 on an interim basis, with final approval of $1,000,000; provided all interim borrowing shall be used to pay critical vendors, employees, and utilities.

B. Authorizing DEES to execute, enter into and perform all such documents, instruments and agreements (including, without limitation, the DIP Credit Agreement) (collectively, the "Loan Documents") as are required to implement the terms of the DIP Orders, and to perform such other and further acts as may be required in connection with the Loan Documents;

C. Granting administrative expense priority claims (including a super priority claim pursuant to § 364(c)(1) of the Bankruptcy Code) in favor of GCBC to secure the obligations under the Loan Documents.

**GCBC is entitled to the Good Faith Protection of § 364(c) of the Bankruptcy Code**

12.

The terms and conditions of the proposed loan are fair and reasonable. Such terms and conditions were negotiated in good faith and at arm's length at all times by DEES, GCBC and their

respective advisors. DEES and GCBC conducted good faith arm's length negotiations concerning the loan and the terms that require immediate access to interim financing being offered by GCBC.

13.

In light of the foregoing, GCBC should be afforded the benefits and protections of § 364(c) of the Bankruptcy Code with respect to the DIP loan; specifically, and loans, advances or other financial accommodations that GCBC makes or causes to be made from time to time to DEES on the terms and conditions set forth in the DIP Loan should be conclusively deemed to have been made and provided "in good faith" as the terms is used in § 364(e) of the Bankruptcy Code, and shall be entitled to the full protection of § 364(e) of the Bankruptcy Code in the event that the DIP Order or DIP Loan or any provisions are hereafter modified, vacated, amended or stayed by subsequent order of this court without the express consent of GCBC.

**Establishing Notice Procedures and Requests for Final Hearing**

14.

Pursuant to Bankruptcy Rule 4001(c)(2), the Court may commence a final hearing no earlier than 14 days after service of the Motion. DEES shall, within three business days of the entry of the Interim Order by the court, serve by overnight mail, a copy of the Interim Order and a notice of the final hearing to consider entry of the Final Order on the date established by the court. DEES requests the Court require any party in interest objecting to the relief sought at the final hearing to serve and file objections, which objection shall: (i) be in writing; (ii) conform to the Bankruptcy Rules and Local Rules; (iii) be filed with the Clerk of the United States Bankruptcy Court for the Western District of Louisiana, Alexandria Division, no later than seven days before the final hearing and served upon counsel for DEES and GCBC so as to be received no less than seven days before the Final Hearing.

15.

In light of the nature of the relief requested herein, DEES submits that no other and further notice of the Motion is necessary or required.

WHEREFORE, the Debtor requests that the court enter the Interim Order, schedule the Final Hearing and, after notice and the Final Hearing, enter the Final Order and grant the Debtor such other relief as is just and equitable under the circumstances.

Alexandria, Louisiana, this 4th day of August, 2017.

Respectfully submitted:

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By: **/s/Bradley L. Drell**
Bradley L. Drell (La. Bar Roll #24387)
B. Gene Taylor III (La. Bar Roll #33407)
P. O. Box 6118
Alexandria, LA 71307-6118
Telephone: (318) 445-6471
Facsimile: (318) 445-6476

**ATTORNEYS FOR DEBTORS IN POSSESSION**

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

IN RE:

    **DOUBLE EAGLE ENERGY SERVICES, LLC**      **CASE NO. 17-80717**

    **DEBTOR**      **CHAPTER 11**

---

## CERTIFICATE OF SERVICE

This is to certify that the *Motion for Interim and Final Orders (I) Authorizing Debtor to Obtain Post-Petition Secured Financing, (II) Granting Liens to Post-Petition Lender, and (III) Approving Notice Procedure* ("Motion") was served on the Office of the United States Trustee, 300 Fannin Street, 3196 Federal Building, Shreveport, Louisiana 71101, Mr. E. Keith Carter, counsel for Gibsland Bank & Trust, and the twenty (20) largest unsecured creditors, by placing a copy of same in the United States Mail, postage prepaid.

Alexandria, Louisiana, this 4th day of August, 2017.

                                            **/s/Bradley L. Drell**
                                                 OF COUNSEL