# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

IN RE: DOUBLE EAGLE ENERGY SERVICES, LLC     CASE NO. 17-80717

DEBTOR     CHAPTER 11

---

## MOTION TO SELL MOVABLE AND IMMOVABLE PROPERTY OF THE ESTATE TO SECURED CREDITORS

NOW INTO COURT, through undersigned counsel, comes DOUBLE EAGLE ENERGY SERVICES, LLC, ("Debtor"), who, pursuant to 11 U.S.C. §§ 105 and 363 and Federal Rules of Bankruptcy Procedure 2002, 6004, and 9014 files this *Motion to Sell Movable and Immovable Property of the Estate to Secured Creditors*. Respondents to this Motion include Gibsland Bank & Trust, Wells Fargo Equipment Finance, TCF Financial, Inc., John Deere Financial, Ford Motor Credit Company, Unit Liner Company, Advanced Environmental Compliance, LLC, John Deere Financial, F.S.B. f/k/a FPC Financial, F.S.B, and Siemens Financial Services, Inc. In support of this Motion, the Debtor represents as follows:

### Jurisdiction

1.

This motion is brought under the Bankruptcy Code as amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984, P.L. 98-353, and the Bankruptcy Judges, U.S. Trustees and Family Farmer Bankruptcy Act of 1986, P.L. 99-554, the Bankruptcy Reform Act of 1994, P.L. 103-394 and The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) Pub. L. 109-8, as amended.

1

2.

This Court has the power and authority to consider this Motion in accordance with 28 U.S.C. 1334 and 28 U.S.C. 157. This is a core proceeding within the meaning of 28 U.S.C. 157(b). The statutory basis for this Motion is set forth in Federal Rule of Bankruptcy Procedure 6004, and Section 363 of Title 11 of the U.S. Code.

## Background

3.

This case was commenced by the filing of a voluntary petition seeking relief pursuant to Chapter 11, of Title 11, of the United States Code (the "Bankruptcy Code") by the Debtor on July 17, 2017 ("Petition Date").

4.

The Debtor is operating its business and managing its property as debtor-in-possession pursuant to Bankruptcy Code §§1107 and 1108.

5.

No trustee or examiner has been appointed, and no unsecured creditors' committee has been established.

## Relief Requested

6.

In light of continuing business losses, reviewing the available options, and in consultation with its largest secured creditor, Gibsland Bank & Trust, as well as Wells Fargo Equipment Services, Ford Motor Credit Company, John Deere Financial, and TCF Equipment Finance, the Debtor has elected to sell its corporeal movable and immovable assets to Gibsland Bank & Trust, John Deere

2

Financial, and TCF Equipment Finance, as their interests may appear and as set forth below. The Debtor will also transfer and assign to Gibsland Bank & Trust all its rights and interests in certain causes of action, themselves collateral of Gibsland, as further described herein.

7.

The Debtor submits that ample authority exists for the approval of the proposed sales. Section 363 of the Bankruptcy Code, which authorizes debtors to sell assets other than in the ordinary course of business, provides in relevant part: "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate...." 11 U.S.C. § 363(b)(1).

8.

Courts have held that approval of a proposed sale of property pursuant to section 363(b) is appropriate if the transaction represents the debtor's reasonable business judgment. *See, e.g., Institutional Creditors of Continental Airlines, Inc. v. Cont'l Air Lines, Inc. (In re Cont'l Air Lines, Inc.)*, 780 F.2d 1223, 1225-26 (5th Cir. 1986).

9.

In this matter, the Debtor has proposed the sales after thorough consideration of all viable alternatives and has concluded that the sales are supported by several sound business reasons. In particular, the Debtor submits that continuing business losses require prompt sales of the assets to preserve value for the estate, providing a strong business justification for the sales. The Debtor in Possession has exhausted most of its available cash and cannot provide security or insurance for its corporeal assets. Further, the secured creditors who are most impacted by the disposition of collateral have concluded this alternative to be a far better return for them than a public auction, which was previously proposed by the Debtor in Possession.

10.

The Debtor further requests that the Court approve the proposed sales free and clear of all claims, liens, interests and encumbrances, pursuant to Bankruptcy Code § 363(f) and order that any such claims, liens, interests or encumbrances attach to the net sale proceeds, as and to the same extent, validity and priority as existed prior to the respective sales.

11.

Gibsland Bank and Trust; Wells Fargo Equipment Finance, Inc.; TCF Financial; John Deere Financial; and Ford Motor Credit Company, LLC are creditors whose respective loans to Debtor are secured by the assets to be included in the proposed private sales ("Secured Creditors").

12.

Section 363(f)(2) authorizes a sale of a debtor's assets free and clear of claims, liens, interests and encumbrances if such entity consents. The Secured Creditors do not oppose the sale processes proposed herein, and their respective interests can be legally satisfied either with a cash payment or by the collateral itself.

13.

The Debtor shows that it has no equity in the movable collateral given the size of its debt to Gibsland Bank & Trust. As of the petition date, Debtor owed GBT approximately $11,021,053.18. GBT has filed 9 secured proofs of claim ("POC"), which are essentially cross-collateralized. GBT's POCs are set forth below in the actual dollar amounts listed in GBT's filed POCs:

(a) Claim #43: $2,058,451.79; secured primarily by commercial real estate, equipment and accounts receivable ("ARs");

(b) Claim #44: $19,888.25; secured primarily by equipment, ARs, and trucks;

(c) Claim #45: $2,589,129.43; secured primarily by commercial real estate;

(d) Claim #46: $2,867,583.84; secured primarily by a federal law suit against Mark West for contested ARs;

(e) Claim #47: $758,840.83; secured primarily by a federal law suit against MarkWest for contested ARs;

(f) Claim #48: $1,553,033.95; secured primarily by commercial real estate and ARs;

(g) Claim #49: $12,277.16; secured primarily by a 2014 CHEVY #0707;

(h) Claim #50: $656,557.52; secured primarily by commercial real estate, real estate (located in Oklahoma) and equipment;

(i) Claim #51: $505,290.41; secured primarily by a contested law suit pending in LA state court against AIIC for over-payment of workers' compensation premiums.

**Object of Sale, Manner of Sale, and Terms & Conditions of Sale**

14.

Among the assets of the estate are certain movables, including equipment and vehicles, currently located primarily on immovable property of the estate at 10500 Hwy 80, Minden, LA 71055 and 1121 6th Street, Maysville, OK 73057, as well as tracts of immovable property and the usual and customary improvements and fixtures thereon or attached thereto located at those same addresses.

15.

The sales to Gibsland Bank & Trust, TCF Financial, Inc., and John Deere Financial, respectively, will be handled as private sales via either a Louisiana dation en paiemont, a deed in lieu of foreclosure, a voluntary surrender, or by unopposed judicial foreclosure, all at the option of the

5

respective purchasers, coupled with any appropriated order thought necessary by the particular Secured Creditor to effectuate the intent and purposes of the transfer.

16.

TCF will be sold its collateral, a single truck, in exchange for a credit bid of $20,000, with TCF reserving all rights for any remaining balance owed.

17.

John Deere will be sold the movables which constitute its collateral in exchange for a credit bid of $50,000, with John Deere reserving all rights for any remaining balance owed.

18.

Gibsland Bank & Trust will be sold all movables which constitute its collateral, as well as the collateral of Wells Fargo and Ford on which Gibsland holds a second lien, *free and clear of any and all inferior, competing and/or purported claims, liens, interests and encumbrances of any third persons whatsoever*, in exchange for a credit of $2,000,000.00 against its indebtedness, less the following:

    A.    any amounts paid by Gibsland to Wells Fargo on its first lien on certain movables for purchase of Wells Fargo's claim by Gibsland;

    B.    any amounts paid by Gibsland to Ford on its first lien on a certain movable for purchase of Ford's claim by Gibsland; and

    C.    a $90,000 cash payment to the estate for payment of administrative and priority expenses in this Chapter 11 case, which will be escrowed with counsel to the Debtor in Possession.

19.

Gibsland Bank & Trust will be sold the immovable property upon which its has mortgages, including the Minden Tract for a credit of $2,800,000.00 (see the attached abstract summary, Exhibit 1), and the Oklahoma Tract located in Garvin County, State of Oklahoma (see attached Exhibit 2) for a credit of $100,000.00, *free and clear of any and all inferior, competing and/or purported claims, liens, interests and encumbrances of any third persons whatsoever.*

20.

Upon review of the public records, there are certain judicial mortgages and/or judgment liens that may attach to the Debtor's real estate in favor of the following creditors: Unit Liner Company, Advanced Environmental Compliance, LLC, John Deere Financial, F.S.B. f/k/a FPC Financial, F.S.B, and Siemens Financial Services, Inc. See the attached abstract summary, Exhibit 1. The Debtor would request that these liens, and any claims whatsoever of any unknown third persons of which Debtor is currently unaware, be referred to the proceeds pursuant to 11 U.S.C. §363, which are estimated to be **nothing** given the credit bid by Gibsland Bank & Trust for the real properties.

21.

The Debtor will also transfer and assign to Gibsland Bank & Trust all its rights and interests in the following causes of action, themselves collateral of Gibsland:

A. Debtor's post-petition suit for breach of contract filed against Mark West Utica EMG, LLC, including any lien rights referred to therein, pending in United States District Court for the Western District of Louisiana, Alexandria Division, entitled "Double Eagle Energy Services, LLC versus MarkWest Utica EMG, LLC", CASE NO. 1:18-CV-00573; and

B.  Debtor's worker's compensation premium overpayment case against American Interstate Insurance Company, et al, currently pending in the 26th Judicial District Court, Parish of Webster, State of Louisiana, Docket No. 72140.

22.

The foregoing sales will be "as is, where is." The sales shall be without any warranty or recourse whatsoever, even as to return of the purchase price, but with full substitution and subrogation to all rights and actions of warranty against all preceding owners.

23.

Mover believes that the sales are in the best interest of the estate and recommends approval of same by the Court.

**Finality of Sales**

24.

An order issued granting these sales should be determined to be a final order and implemented forthwith in accordance with the provisions of Federal Rule of Bankruptcy Procedure 6004.

25.

Moreover, the Debtor would show that Gibsland Bank & Trust, TCF, and John Deere should be given the protections found in 11 U.S.C. §363(m).

26.

This Court shall retain jurisdiction to issue any further ex parte orders to effectuate the intent and purpose of this motion and ensuing order, including directing any clerk of court for any parish in the State of Louisiana or the State of Oklahoma to cancel from the public records any liens, claims

or encumbrance which are inferior on the public records to GBT's secured interests, and other commensurate orders thought necessary and appropriate by Gibsland Bank & Trust.

**WHEREFORE**, DOUBLE EAGLE ENERGY SERVICES, LLC, prays that an order be entered after due notice and an opportunity for hearing, authorizing the sales as outlined herein, and providing that the order authorizing the sales be a final order and implemented forthwith.

Alexandria, Louisiana, this 5th day of September, 2018.

Respectfully submitted,

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By: /s/Bradley L. Drell
Bradley L. Drell (Bar Roll #24387)
Heather M. Mathews (Bar Roll # 29967)
B. Gene Taylor, III (Bar Roll #33407)
P. O. Box 6118
Alexandria, LA 71307-6118
Telephone: (318) 445-6471
Facsimile: (318) 445-6476
e-mail: bdrell@goldweems.com

**ATTORNEYS FOR DEBTOR AND DEBTOR IN POSSESSION, DOUBLE EAGLE ENERGY SERVICES, LLC**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

IN RE:

| | |
|---|---|
| **DOUBLE EAGLE ENERGY SERVICES, LLC** | **CASE NO. 17-80717** |
| **DEBTOR** | **CHAPTER 11** |

## CERTIFICATE OF SERVICE

This is to certify that the *Motion to Sell Movable and Immovable Property of the Estate to Secured Creditors* was served on the following:

1. Double Eagle Energy Services, LLC, 10500 Hwy 80, Minden, LA 71055;

2. Office of the United States Trustee, 300 Fannin Street, 3196 Federal Building, Shreveport, Louisiana 71101;

3. Gibsland Bank & Trust, through their attorney of record, E. Keith Carter, 4415 Thornhill, Second Floor, Suite A, Shreveport, Louisiana 71106;

4. John Deer Financial, through their attorney of record, William T. McNew, MCNEW, KING & LANDRY, L.L.P., 2400 Forsythe Ave., Ste. 2, Monroe, LA 71201;

5. John Deer Financial, c/o Steven M. Watterson, Esq., Powers, Sellers, Mixon Chapaton, LLC, P.O. Box 15948, Baton Rouge, LA 70895;

6. Wells Fargo, through their attorney of record, Joseph P. Hebert, LISKOW & LEWIS, P.O. Box 52008, Lafayette, LA 70505-20081;

7. TCF Financial, through their attorney of record, Mark Begnaud, McCoy Roberts & Begnaud, P.O. Box 1369, Natchitoches, LA 71458-1369;

8. Unit Liner Company, c/o Jeffrey P. Kitner, Jackson Walker, LLP, 2323 Ross Ave., Ste. 600, Dallas, TX 75201;

9. Advanced Environmental Compliance, 80 Baum Rd., Ball, LA 71405;

10. Siemens Financial Services, Inc., c/o R. Joseph Naus, Wiener, Weiss & Madison, P.O. Box 21990, Shreveport, LA 71120-1900; and

11. Any party requesting notice by CM/ECF,

by placing a copy of same in the U. S. Mail, properly addressed, with prepaid postage affixed, or by CM/ECF.

Alexandria, Louisiana, this 5th day of September, 2018.

                                            **/s/Bradley L. Drell**
                                                OF COUNSEL